IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

TIMOTHY L. WILSON,            )
                              )
        Appellant,            )
                              )
v.                            )        No. 13-2270-STA-tmp
                              )
BANCORPSOUTH BANK,            )
                              )
        Appellee.             )
                              )

---

## OPINION

---

*Pro se* appellant Timothy L. Wilson ("Wilson") appeals the decisions of the United States Bankruptcy Court for the Western District of Tennessee, dismissing Wilson's case with prejudice and terminating the Automatic Stay. Wilson filed two separate appeals, one challenging the dismissal and another challenging the lift of the stay. Wilson filed his appeal in this case, No. 2:13-cv-02270-STA-tmp, on May 1, 2013. Wilson filed his appeal in Case No. 2:13-cv-02270-STA-tmp on May 6, 2013. The appeals were consolidated on June 6, 2013 (D.E. # 17) and this Opinion will address both issues. Wilson filed his Appellant's Brief (D.E. # 22) on July 3, 2013. Appellee BancorpSouth Bank ("Bancorp") filed its Appellee's Brief (D.E. # 23) on July 17, 2013. On August 2, 2013, Wilson filed his Reply Brief (D.E. # 24).[1] For the reasons

---

[1] Also pending on the docket in this appeal are Wilson's Emergency Motion to Request Relief and Damages (D.E. # 4) and Amended Emergency Motion to Request Relief and Damages (D.E. # 14). Both of these Motions were addressed and denied at the June 6, 2013 hearing before this Court (D.E. # 16). Since they were already addressed by the Court, they are **DENIED as moot**. Additionally, Bancorp filed a Motion requesting that the June 6, 2013 hearing be treated as a status conference. Since that hearing already occurred, the Motion is **DENIED as moot**. Wilson also filed a Motion for Leave of Court to Correct Omission of

1

set forth below, the decision of the Bankruptcy Court is **AFFIRMED**.

## BACKGROUND

On October 2, 2010, Wilson filed a Voluntary Petition for Chapter 13 bankruptcy. (Bankruptcy Proceeding, 2:12-bk-30491, D.E. # 1.)[2] Wilson and his wife, Gena Kilgore-Wilson ("Kilgore-Wilson"), owned property located at 5095 Elvis Presley Blvd., Memphis, Tennessee 38116 (the "Property"). Bancorp was the beneficiary under a recorded deed of trust and the holder of a Note in the amount of $143,597.70 on the Property, making Bancorp a creditor in the bankruptcy proceedings. (Interim Order on Creditor's Emergency Motion for Termination ¶¶ 1-2, D.E. # 37.) A plan was entered which required Wilson to pay $1,530.00 per month. (Chapter 13 Plan, D.E. # 19.)

Previously, Kilgore-Wilson had filed several other bankruptcy proceedings in which the Property was collateral. (Transcript of Bankruptcy Hearing, April 4, 2013, 36:24-37:18; Interim Order on Creditor's Emergency Motion for Termination ¶¶ 5-6.) Wilson and Kilgore-Wilson then refinanced the note on the Property using funds from the Hardest Hit Program. (Transcript of Bankruptcy Hearing, April 4, 2013, 9:25-11:14.) This stayed the pending foreclosure of the Property. Kilgore-Wilson then defaulted through non-payment. Bancorp proceeded with

---

Names (D.E. # 9). It is unclear exactly what relief Wilson seeks. Because it is not brought as a proper motion before this Court, that Motion is also **DENIED**. Finally, Wilson filed a Motion for Default Judgment (D.E. # 25), which argues that Plaintiffs filed a Civil Complaint on September 24, 2013, which Defendant has failed to respond to. As no Complaint has been filed in this action, nor was anything filed on September 4, 2013, the Court assumes that Plaintiff has filed this Motion in the wrong case. Even if Plaintiff did intend to file its Motion in this case, as discussed below, the Court does not have jurisdiction to hear claims other than the appeal in this case. Additionally, it is **Error! Main Document Only.**procedurally improper for a plaintiff to seek a default judgment without first seeking and obtaining entry of default from the Clerk of Court. **Error! Main Document Only.***Devlin v. Kalm*, 493 F. App'x 678, 685–86 (6th Cir. 2012). Therefore, the Court **DENIES** Plaintiff's Motion for Default Judgment.

[2] All remaining docket entry citations are to the underlying Bankruptcy proceedings unless otherwise noted.

foreclosure, which was then stayed when Wilson filed the bankruptcy action at issue in this case. (Interim Order on Creditor's Emergency Motion for Termination ¶¶ 8-9). Bancorp filed an Emergency Motion for Termination of Automatic Stay on October 5, 2012. (D.E. # 9.) The hearing on this Motion was delayed as Wilson and his wife made payments to Bancorp pursuant to five interim orders which required payment and set forth the terms for continued monthly payment. (D.E. ## 37, 42, 52, 60, 65).

On November 20, 2012, Bancorp filed a Motion to Dismiss (D.E. # 41). On March 29, 2013, Wilson filed an Emergency Objection to Bancorp's Motion to Terminate Stay (D.E. # 67). On April 4, 2013, the Bankruptcy Court held a hearing on Bancorp's Motion to Dismiss and Motion to Terminate Automatic Stay and Wilson's Emergency Objection. The Bankruptcy Court found that Wilson had not made any payments to his Chapter 13 plan and, based on this finding, dismissed the case and lifted the Automatic Stay. (Transcript of Bankruptcy Hearing, April 4, 2013, 50: 11-13.)

On April 23, 2013, Wilson filed a Notice of Appeal with the Bankruptcy Court (D.E. # 91), which was filed with this Court on May 1, 2013 (D.E. # 1, District Court Appeal Docket).

## STANDARD OF REVIEW

The standard of review for bankruptcy appeals is clearly erroneous for the Bankruptcy Court's factual findings and *de novo* for its conclusions of law.[3] "Clear error occurs only when [the Court is] left with the definite and firm conviction that a mistake has been committed. If there are two permissible views of the evidence, the factfinder's choice between them cannot be

---

[3] *Class Five Nev. Claimants v. Dow Corning Corp., (In re Dow Corning Corp.)*, 280 F.3d 648, 656 (6th Cir. 2002).

clearly erroneous."[4] If the Bankruptcy Court's conclusion raises a mixed question of law and fact, the district court "must break the question into its constituent parts and apply the appropriate standard of review for each."[5]

## **ANALYSIS**

As a preliminary issue, Wilson contends that the matter before the Court is more than an appeal of the two Orders of the Bankruptcy Court. Rather, he claims that this is also a complaint for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Tennessee Consumer Protection Act. Wilson also seeks compensatory and punitive damages in the amount of $500,000 for "damages for emotional distress, mental anguish, inconvenience, humiliations, suffering, and loss of enjoyment of life work."[6] 28 U.S.C. section 158 gives district courts jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. Because Wilson's other causes of action were not part of the bankruptcy proceeding from which he appeals, the Court has no jurisdiction to hear those claims in this case. Since the claims are not cognizable, the Court will address the two issues Wilson has raised on appeal: (1) whether the Bankruptcy Court erred in dismissing his case without prejudice; and (2) whether the Bankruptcy Court erred in terminating the Automatic Stay on the Property.

### **Dismissal**

Wilson appeals the Bankruptcy Court's dismissal of his case. The Bankruptcy Court

---

[4] *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 241 (6th Cir. 2009) (quotation omitted); Fed. R. Bankr. P. 8013.

[5] *Bank of Montreal v. Official Comm. of Unsecured Creditor (In re Am. HomePatient, Inc.)*, 420 F.3d 559, 563 (6th Cir. 2005) (quotation omitted).

[6] (Appellant's Reply Brief at 4.)

4

dismissed the case based on Wilson's failure to make payments to his bankruptcy plan. A debtor is required to begin making payment to his Chapter 13 plan within 30 days of filing the plan.[7] A party in interest may move a court to dismiss a Chapter 13 case for cause on the basis of failure to commence plan payments.[8] The Bankruptcy Judge found that Wilson had not made a single payment to his plan.[9] Wilson argues that he made payments directly to Bancorp, which obviated the need to make payments to his bankruptcy plan. However, the Bankruptcy Judge noted at the April 4, 2013 hearing that there were other creditors in the plan that needed to be paid as well as administrative expenses and filing fees.[10] The Trustee confirmed that no payments had been made at the hearing and Wilson did not provide the Bankruptcy Court with any contrary evidence. Therefore, it was not clearly erroneous for the Bankruptcy Court to conclude that Wilson had not made any payments to the plan. Since no payments had been made at all, it was proper for the Bankruptcy Court to dismiss Wilson's case. Therefore, the Bankruptcy Court's Order dismissing the Bankruptcy case is **AFFIRMED**.

## Termination of Automatic Stay

Bancorp argues that Wilson has not briefed this issue and therefore has waived it. However, Wilson's Appellant's Brief specifically lists as an issue on appeal "whether the trial Court erred in granting the termination of the automatic stay in regards to 5095 Elvis Presley Blvd. Memphis, TN. on 4/5/2013 without allowing fair dealing or time for the error to be cured,

---

[7] 11 U.S.C. § 1326 (a)(1).

[8] 11 U.S.C. § 1307.

[9] (Transcript of Bankruptcy Hearing, April 4, 2013, 50: 11-13.)

[10] (Transcript of Bankruptcy Hearing 50: 13-19.)

5

modified or corrected by review or appeal?"[11] Although the remainder of the brief does not discuss this issue in detail, because Wilson, a *pro se* appellant, does address the issue, the Court will consider it.

Bancorp also argues that Wilson has waived this argument on appeal because he failed to file his notice of appeal within the 14 day deadline set by Federal Rule of Bankruptcy Procedure 8002(a). The Bankruptcy Court terminated the Automatic Stay on the Property on April 4, 2013. Wilson did not file his Notice of Appeal until April 23, 2013. Since the Notice of Appeal was filed more than 14 days after the entry of the Order, the appeal of this issue was untimely.

Even if the appeal had been timely, the Bankruptcy Court did not err in terminating the Automatic Stay. Termination of the automatic stay of any property of the estate is proper if there is no equity in the property, the debt is matured, and the debtor cannot pay the indebtedness.[12] At the April 4, 2013 hearing, Kilgore-Wilson admitted that there was no equity in their house,[13] that the refinanced indebtedness had matured,[14] and that she and Wilson did not have the ability to pay the debt[15]. Since there was no equity in the property at issue and the Wilsons could not pay the matured debt, the Bankruptcy Court had grounds to terminate the Stay and therefore did not err in doing so. Thus, the Court **AFFIRMS** the Order Lifting the Automatic Stay.

**IT IS SO ORDERED.**

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

---

[11] (Appellant's Brief at 1.)

[12] 11 U.S.C. 362(d).

[13] (Transcript of Bankruptcy Hearing, April 4, 2013, 15:12-21.)

[14] (Transcript of Bankruptcy Hearing, April 4, 2013, 38:6-11.)

[15] (Transcript of Bankruptcy Hearing, April 4, 2013, 31, 38.)

Date: December 20, 2013.